**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SULEIMAN KHUTOB, et al.,<br><br>  Plaintiffs<br><br>v.<br><br>L.A. INSURANCE AGENCY FRANCHISING, LLC,<br><br>  Defendant | Case No.: 2:18-cv-01505-APG-PAL<br><br>**Order Denying Motion to Dismiss and Granting Motion to Transfer**<br><br>[ECF Nos. 16, 17] |

Defendant L.A. Insurance Agency Franchising, LLC (LAIA) moves to dismiss or to transfer this case to the United States District Court for the Eastern District of Michigan. LAIA bases its motion on the first-to-file rule. Alternatively, it contends the case should be transferred either because of the forum selection clause in the parties' franchise agreements or for the convenience of the parties under 28 U.S.C. § 1404(a).

The plaintiffs respond that the first-to-file rule does not apply because this case and the one LAIA filed against the plaintiffs in Michigan are too dissimilar. Alternatively, they argue that I should not apply the rule because LAIA's Michigan complaint was an anticipatory suit aimed at forum shopping once LAIA suspected the plaintiffs were about to file suit. The plaintiffs also contend equitable factors weigh against applying the rule. As for the forum selection clause, the plaintiffs argue that transfer is not warranted because the clause was the product of fraud or overreaching, the plaintiffs would be deprived of their day in court, and transfer would contravene Nevada policy. The plaintiffs do not specifically address transfer under § 1404(a), but generally argue that convenience and fairness concerns weigh against transfer to Michigan.

The parties are familiar with the facts so I will not repeat them here except where necessary. I deny the motion to dismiss and grant the motion to transfer.

Under the first-to-file rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). In determining whether to apply the first-to-file rule, I analyze three factors: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

The rule is based on the premise that "[n]ormally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Courts thus "should be driven to maximize economy, consistency, and comity" when deciding whether to apply it. *Kohn Law Grp., Inc.*, 787 F.3d at 1240 (quotation omitted); *see also Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016) ("The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.").

Given these purposes, the rule "should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quotation omitted). But it "is not a rigid or inflexible rule to be mechanically applied." *Pacesetter Sys., Inc.*, 678 F.2d at 95. Thus, "[c]ircumstances and modern judicial reality . . . may demand that [courts] follow a different approach from time to time." *Id.* (quotation omitted). Equitable considerations may weigh

against applying the rule. *Alltrade, Inc.*, 946 F.2d at 628. Whether to apply the first-to-file rule lies within my discretion. *Pacesetter Sys., Inc.*, 678 F.2d at 95.

### A. First in Time

There is no dispute that LAIA's Michigan complaint was filed first, even though both cases were filed on the same day. The plaintiffs assert that the Michigan complaint has not yet been properly served on them. But even assuming that is true, the first-to-file rule is concerned with which action was first commenced by the filing of a complaint, not which action was first served on the other side. *Pacesetter Sys., Inc.*, 678 F.2d at 96 n.3 (rejecting an argument that the first-to-file rule did not apply where the first action was not served until after the second action was filed because a "federal action is commenced by the filing of the complaint, not by service of process," and thus it is "the filing of actions in coordinate jurisdictions that invokes considerations of comity"). Moreover, LAIA's counsel informed the plaintiffs' counsel of the Michigan suit before the plaintiffs filed their lawsuit when he inquired whether plaintiffs' counsel would accept service on the plaintiffs' behalf. ECF No. 24-3. This factor therefore supports applying the first-to-file rule.

### B. Same Parties

There is no dispute the parties in the two lawsuits are identical. This factor therefore supports applying the first-to-file rule.

### C. Same Issues

The issues in the two cases "need not be identical, only substantially similar." *Kohn Law Grp., Inc.*, 787 F.3d at 1240. "To determine whether two suits involve substantially similar issues, [I] look at whether there is substantial overlap between the two suits." *Id.* at 1241 (quotation omitted).

The two lawsuits involve substantially similar issues. LAIA's Michigan lawsuit seeks declaratory relief regarding the enforceability of the franchise agreements, including declarations about the parties' post-termination rights and obligations. ECF No. 16-1 at 9-10. It also asserts a claim for breach of the franchise agreements. *Id.* at 22-24. The plaintiffs' first amended complaint in this case asserts claims that call into question the franchise agreements' enforceability. ECF No. 1-3 at 33-34 (deceptive trade practices claim asserting LAIA made false representations to induce the plaintiffs to enter into the franchise agreements); *id.* at 35 (fraudulent inducement claim making the same assertion); *id.* at 40-43 (requesting declaratory judgment that the franchise agreements are "voidable and unenforceable"). Other claims indirectly implicate the agreements' enforceability. For example, the plaintiffs' claims for intentional interference with existing contractual relations and prospective economic advantage raise the potential that LAIA will claim its conduct was privileged due to the franchise agreements' non-compete clauses. *See id.* at 32-33. The conversion claim asserts LAIA wrongfully exerted control over commissions owed to the plaintiffs, but LAIA has argued the franchise agreements allow it to do so. *See id.* at 38; ECF No. 12 at 7. All of the claims in both lawsuits arise out of the parties' franchise relationship.

The similarity of issues weighs in favor of applying the first-to-file rule. Judicial economy and comity are best served by one court resolving the enforceability of the franchise agreements in one case that will comprehensively dispose of the parties' various disputes arising from their franchise relationship. Additionally, one court resolving these issues will avoid the potential embarrassment of two courts reaching inconsistent decisions on the same issue. Consequently, the first-to-file rule applies.

### D. Equitable Considerations

I "can, in the exercise of [my] discretion, dispense with the first-filed principle for reasons of equity." *Alltrade, Inc.*, 946 F.2d at 628. Typically, such reasons would include "bad faith, . . . anticipatory suit, and forum shopping." *Id.*

Although some circumstances here that suggest LAIA's Michigan suit was anticipatory, the evidence overall does not support dispensing with the first-to-file rule. Before four of the five franchise agreements expired in March 2018, LAIA wrote to the plaintiffs advising that the agreements were expiring and that LAIA intended to enforce the agreements post-termination. ECF No. 16-1 at 7. After those four agreements expired, the parties agreed to continue the status quo while they negotiated a resolution. ECF No. 21-1 at 6. Plaintiff Suleiman Kutob avers that during an April 23, 2018 meeting, he told LAIA that the plaintiffs "were prepared to sue if an agreement was not reached." *Id.* at 3-4. However, Kutob apparently did not state that a suit was imminent or that he would file suit in Nevada instead of Michigan (which would be consistent with the forum selection clause). *See id.*; ECF No. 21-3 (the plaintiffs' transactional counsel averring that Kutob told LAIA at the April 23 meeting that he would litigate to protect the plaintiffs' interests, but "he agreed not to in the near-term," and instead would "continue trying to reach a settlement").

In June, the parties exchanged settlement offers, with the last one coming from LAIA with a July 4 deadline. ECF Nos. 21-2 at 3, 6-9; 16-2 at 2. LAIA indicated in its final offer that "[i]f we are unable to reach an agreement, [LAIA] will move to enforce its rights under the respective franchise agreements." ECF No. 16-2 at 2. The plaintiffs did not respond to that offer. Instead, on July 11, the plaintiffs' counsel sent an email to LAIA's counsel asking whether LAIA had been forging Kutob's signature on documents. *Id.* That email did not threaten imminent

litigation nor did it indicate a lawsuit would be filed in Nevada. LAIA filed the Michigan complaint approximately two weeks later on July 24. ECF No. 16-1.

While one might infer LAIA filed the Michigan suit in response to the email asking about forged signatures, the overall course of the parties' conduct suggests the Michigan suit was neither an anticipatory strike nor forum shopping. LAIA indicated before the agreements ever expired that it expected the plaintiffs to comply with the franchise agreements' post-termination provisions. The parties agreed to maintain the status quo while they discussed settlement, but in LAIA's final offer, it stated that if the parties could not agree, LAIA would "move" to enforce its rights. That suggests that LAIA intended to file suit if its final offer was not accepted. The plaintiffs did not accept the offer or otherwise respond before the July 4 deadline. LAIA soon thereafter filed suit.

The July 11 email about forged signatures does not specifically threaten an imminent lawsuit nor does it indicate any lawsuit would be filed in Nevada. Thus, LAIA's suit was neither anticipatory nor forum shopping. *See Williamson v. Am. Mastiff Breeders Council*, No. 3:08-cv-336-ECR-VPC, 2009 WL 634231, at *3 (D. Nev. Mar. 6, 2009) (gathering cases for the proposition that mere contemplation of litigation is insufficient to show an anticipatory suit and the plaintiff in the second-filed suit must have indicated suit was "imminent, such that the plaintiff's motive for filing suit first was to shop for the forum of its choice"). To the contrary, LAIA reasonably could have expected any lawsuit against it would be filed in Michigan, consistent with the forum selection clause in the franchise agreements.

I therefore apply the first-to-file rule. In doing so, I decline to address the parties' arguments about the appropriate forum related to the convenience of the parties or the enforceability of the forum selection clause. Those are questions for the Michigan court to

entertain. *See Pacesetter Sys., Inc.*, 678 F.2d at 96 ("[N]ormally the forum non conveniens argument should be addressed to the court in the first-filed action.").

### E. Transfer is Appropriate

LAIA requests that I either dismiss this case or transfer it to Michigan. "Although the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of § 1404(a) cabin the exercise of that discretion." *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018). I have discretion to transfer this action only "to any other district or division where it might have been brought." *Id.* (quoting 28 U.S.C. § 1404(a)). That means a district where the plaintiffs "could have originally filed suit." *Id.* at 1053.

The plaintiffs could have originally filed suit in the Eastern District of Michigan. The parties are diverse and the amount in controversy is satisfied. *See* ECF No. 1. Diversity jurisdiction therefore exists. 28 U.S.C. § 1332. There is no dispute that LAIA is subject to personal jurisdiction in the Eastern District of Michigan. Additionally, venue is proper there, as the only defendant resides there and the plaintiffs allege that is where they signed four of the franchise agreements. *See* ECF No. 1-3 at 14; 28 U.S.C. §§ 1391(b)(1)-(2). I therefore exercise my discretion to transfer this action to the United States District Court for the Eastern District of Michigan.

### F. Conclusion

IT IS THEREFORE ORDERED that defendant L.A. Insurance Company's motion to dismiss **(ECF No. 16) is DENIED**.

IT IS FURTHER ORDERED that defendant L.A. Insurance Company's motion to transfer **(ECF No. 17) is GRANTED. The clerk of court is instructed to TRANSFER this case to the United States District Court for the Eastern District of Michigan**.

IT IS FURTHER ORDERED that to preserve the status quo pending transfer, my temporary restraining order (ECF No. 14) remains in effect but shall expire once the papers from this case "are physically docketed in the office of the receiving court," because that is when the transfer to the Eastern District of Michigan is complete. *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). I leave for the Michigan judge to decide whether to extend the TRO, convert it into a preliminary injunction, or schedule a hearing based on the parties' stipulation (ECF No. 18).

DATED this 7th day of September, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE